Charles E. Gianelloni (NV Bar No. 12747)
Markie L. Betor (NV Bar No. 15505)
SNELL & WILMER L.L.P.
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: cgianelloni@swlaw.com
        mbetor@swlaw.com

*Attorneys for Polaris Processing, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| POLARIS PROCESSING, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NEW RISE RENEWABLES RENO, LLC,<br><br>Defendant. | Case No. 2:24-cv-1907-JAD-MDC<br><br>~~[PROPOSED]~~ AMENDED STIPULATED PROTECTIVE ORDER |
| NEW RISE RENEWABLES RENO, LLC,<br><br>Counter-Complainant,<br><br>vs.<br><br>POLARIS PROCESSING, LLC, Individual DOES 1-10; ROES 1-10, inclusive,<br><br>Counter-Defendants. | |
| NEW RISE RENEWABLES RENO, LLC,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>TERRY FRIEDMAN & JULIE THROOP, PLLC; JOHN C. BOYDEN, ESQ., an individual; GREATER NEVADA CREDIT UNION, a domestic non-profit cooperative corporation; TRUIST BANK, NORTH CAROLINA, a Tennessee Corporation; KING FIRM LLC, a fictitious corporation; DOES 1-10; ROE BUSINESS and ROE CORPORATIONS 1-10, inclusive,<br><br>Third-Party Defendants. | |

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89135
702.784.5200

4927-0030-4660

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Polaris Processing, LLC ("<u>Polaris</u>"), New Rise Renewables Reno, LLC ("<u>New Rise</u>"), Greater Nevada Credit Union ("<u>Credit Union</u>"), Terry Friedman & Julie Throop, PLLC and John C. Boyden, Esq. (collectively, "<u>Throop and Boyden</u>" and together with Polaris, New Rise, and Credit Union, the "<u>Parties</u>") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge, as set forth herein, that this Stipulated Protective Order ("<u>Order</u>") does not entitle them to file confidential information under seal; Local Rule (Part IA) 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other proprietary or private information warranting special protection from public disclosure and from use for purposes other than prosecuting this litigation, including under any applicable foreign data privacy or protection laws (including as set forth in Section 2.6), including information not generally disseminated or available to the public, and including information of which dissemination or disclosure would present a real or potential threat to the economic security of the Producing Party.

2.3. <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89169
702.784.5200

or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    Foreign Private Data: any information that a Party believes in good faith to be subject to foreign data protection laws or other privacy obligations.  Foreign Private Data constitutes Confidential Information under the terms of this Order.

2.7.    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9.    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10.    Party: Polaris, New Rise, Credit Union, and Throop and Boyden, including all of their officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11.    Privileged Material: Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, or any other privilege, immunity, or protection afforded or recognized by Rule 26 of the Federal Rules of Civil Procedure, Rule 501 of the Federal Rules of Evidence, and 12 C.F.R. § 21.11(k)(1)(i) and 31 U.S.C. 5318(g)(2)(A)(i), including any such privilege or protection under applicable U.S. law, regulation, or statute.

2.12.    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13.    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.    Protected Material: any Disclosure or Discovery Material that is designated as

4927-0030-4660

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89169
702.784.5200

"CONFIDENTIAL."

2.15.  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the administrative closure of the instant litigation.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.1(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  To the extent it is practicable to do so, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.   During the inspection and before the

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89169
702.784.5200

- 4 -

designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, a Party or the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days after receipt of the final transcript of the testimony in which to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition, or up to 30 days after receipt of the final transcript of the testimony if that right is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 30-day period for

- 5 -

4927-0030-4660

designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of the 30-day period, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)    for information requiring production in native or non-documentary electronic form (*e.g.*, database records or spreadsheets): by its nature, certain electronic information is impracticable to designate for confidentiality on a document or item by item basis. In such instances, the Producing Party shall therefore affix in a prominent place on the exterior of the container or containers within which the electronic information is stored or transmitted (*e.g.*, a physical CDROM or hard disk drive) the legend "CONFIDENTIAL." The Receiving Party shall mark any documents it prints from such designated files "CONFIDENTIAL" as designated and treat them as such, in accordance with the provisions of this Order.

5.2.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

4927-0030-4660

6.2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    <u>Judicial Intervention</u>. Any dispute regarding designation of confidential material disclosed during discovery must be resolved in accordance with the Court's 12/18/24 Standing Order (ECF No. 23).  Additional information regarding the filing of redacted materials is discussed in Section 13.3 below.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When this litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

4927-0030-4460

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89169
702.784.5200

information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, mock jurors, mediators and their staff, insurers, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89169
702.784.5200

4927-0030-4660

(a)    promptly notify in writing (by email, with receipt confirmed) the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

4927-0030-4660

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada  89169
702.784.5200

(2)    promptly provide the Non-Party with a copy of this Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

If Discovery Material or other information subject to a claim of attorney-client privilege, work-product immunity, 12 C.F.R. § 21.11(k)(1)(i) and/or 31 U.S.C. 5318(g)(2)(A)(i), or any other applicable claim of privilege or immunity is inadvertently produced or otherwise disclosed to any

4927-0030-4660

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89169
702.784.5200

Party or Non-Party, pursuant to Rule 502(d) of the Federal Rules of Evidence, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such Discovery Material or other information. Discovery Material or other information subject to a claim of privilege or immunity must be returned, sequestered, or destroyed as soon as it is discovered, without any need to show the production was inadvertent. The Receiving Party shall not use the inadvertently produced Discovery Material or other information for any purpose other than in connection with a motion to compel production in this matter.

Upon request by the Producing Party pursuant to this Section, the Receiving Party shall immediately return, sequester, or destroy all copies of such document(s) or thing(s) and shall return, sequester, or destroy any newly created derivative document such as a summary or comment on the inadvertently produced information. The Receiving Party may then move the Court for an order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the Receiving Party shall not use or disclose any Discovery Material or other information for which a claim of privilege or immunity is made pursuant to this Section for any purpose or until the matter is resolved by agreement of the Parties or by a decision of the Court.

## 12.    **REDACTIONS ALLOWED**

Any Producing Party may redact from Discovery Material matter that the Producing Party claims is (i) Privileged Material; (ii) Foreign Private Data; (iii) information subject to 12 C.F.R. § 21.11(k)(1)(i) and/or 31 U.S.C. 5318(g)(2)(A)(i); (iv) other sensitive, Confidential Information that is non-responsive and irrelevant to the issues in the action but is included in otherwise responsive documents. The Producing Party shall mark each redaction with a legend stating "REDACTED" and specify the basis for the redaction as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. If counsel for the Producing Party agrees or if the Court orders that Discovery Material initially redacted shall not be subject to redaction or shall receive alternative treatment, and the Discovery Material is subsequently produced in unredacted form,

4927-0030-4660

1  then that unredacted Discovery Material shall continue to receive the protections and treatment

2  afforded to documents bearing the confidentiality designation assigned to it by the Producing

3  Party.  Foreign Private Data and information subject to 12 C.F.R. § 21.11(k)(1)(i) and/or 31 U.S.C.

4  5318(g)(2)(A)(i) shall be redacted from any public filing not filed under seal.  The right to

5  challenge and process for challenging the designation of redactions shall be the same as the right

6  to challenge and process for challenging the designation of Confidential Information as set forth

7  in Section 6.

8  **13.**   **MISCELLANEOUS**

9      13.1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

10  seek its modification by the Court in the future.

11      13.2.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party

12  waives any right it otherwise would have to object to disclosing or producing any information or

13  item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on

14  any ground to use in evidence of any of the material covered by this Order.

15      13.3.    <u>Filing Protected Material</u>.  Filing redacted documents, including Protected Material,

16  must comply with LR 6-1 and/or the procedures set forth in LR IA 10-5.  In addition to Fed R.

17  Civ. P. 5.2 and LR IA 10-5, the parties understand they must comply with the requirements of

18  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny when

19  seeking to seal or redact any filed document.

20  **14.**   **FINAL DISPOSITION**

21      Within 60 days after the final disposition of this action, as defined in paragraph 4, each

22  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

23  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

24  summaries, and any other format reproducing or capturing any of the Protected Material.  Whether

25  the Protected Material is returned or destroyed, the Receiving Party must submit a written

26  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

27  by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

28  that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89169
702.784.5200

4927-0030-4660

abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

///

///

///

- 13 -

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89169
702.784.5200

Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated:  March 10, 2025

SNELL & WILMER L.L.P.

/s/ Charles E. Gianelloni
Charles E. Gianelloni (NV Bar No. 12747)
Markie L. Betor (NV Bar No. 15505)
1700 South Pavilion Center Drive, Suite 700
Las Vegas, NV 89135
Telephone:  (702) 784-5200
cgianelloni@swlaw.com
mbetor@swlaw.com

*Attorneys for Polaris Processing, LLC*

Dated:  March 10, 2025

JACKSON LEWIS P.C.

/s/ Joshua A. Sliker
Joshua A. Sliker (NV Bar No. 12493)
Thomas W. Maroney (NV Bar No. 13913)
300 South Fourth Street, Suite 900
Las Vegas, NV 89101
Telephone:  (702) 921-2460
joshua.sliker@jacksonlewis.com
thomas.maroney@jacksonlewis.com

*Attorneys for Greater Nevada Credit Union*

Dated:  March 10, 2025

RANALLI, ZANIEL, FOWLER & MORAN

/s/ David Zaniel
David Zaniel (NV Bar No. 7962)
50 West Liberty Street, Suite 1050
Reno, NV 89501
Telephone:  (775) 786-4441
dzaniel@ranallilaw.com

*Attorney for New Rise Renewables Reno, LLC*

Dated:  March 10, 2025

DOTSON, HAYWARD & VANCE, PC

/s/ David T. Hayward
David T. Hayward (NV Bar No. 5986)
5355 Reno Corporate Drive, Suite 100
Reno, NV 89511
Telephone:  (775) 501-9400
dhayward@dhvnv.com

*Attorneys for Terry Friedman & Julie Throop, PLLC and John C. Boyden, Esq.*

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Date: 3/11/2025

Snell & Wilmer
L.L.P.
LAW OFFICES
1700 South Pavilion Center Drive, Suite 700
Las Vegas, Nevada 89169
702.784.5200

- 14 -

4927-0030-4660