# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Polaris Processing, LLC

        Plaintiff

v.

New Rise Renewables Reno, LLC,

        Defendant

Case No.: 2:24-cv-01907-JAD-MDC

**Order Denying Motion to Seal**

[ECF No. 58]

Plaintiff Polaris Processing, LLC sues New Rise Renewables Reno, LLC for failing to make required payments under the parties' settlement agreement. Polaris moves to seal the settlement agreement central to the parties' dispute and to redact portions of its summary-judgment motion referencing that agreement. It argues that, because the settlement agreement has a confidentiality provision, it should remain sealed.

"The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[1] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[2] A party seeking to seal judicial records attached to dispositive motions like the summary-judgment motion at issue here[3] "can overcome the strong presumption of access by providing 'sufficiently

---

[1] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[2] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] For sealing purposes, the Ninth Circuit considers dispositive any motion that "is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016) (citations omitted). Polaris's summary-judgment motion meets that definition.

compelling reasons' that override the public policies favoring disclosure."[4] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records" and "articulate a factual basis for each compelling reason to seal."[5]

The fact that the parties have agreed to keep information between themselves does not justify sealing. Courts have consistently noted that "the mere fact that the parties' settlement agreement may contain a confidentiality provision, without more, does not constitute a compelling reason to seal the information."[6] Particularly when the terms of the settlement agreement are directly relevant to the underlying case, courts are reluctant to find that those terms should remain sealed.[7] Here, the settlement agreement is the basis for Polaris's breach-of-contract claim.[8] The agreement primarily contains information about the amount New Rise agreed to pay Polaris—whether New Rise made those payments is the very thing at issue in Polaris's complaint and summary-judgment motion. So I conclude that the parties' interest in

---

[4] *In re Midland*, 686 F.3d at 1118 (quoting *Foltz*, 331 F.3d at 1135); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

[5] *In re Midland*, 686 F.3d at 1119 (citations omitted).

[6] *See, e.g.*, *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1041 (D. Nev. 2021) (cleaned up).

[7] *See, e.g.*, *id*. at 1042 ("[A]lthough parties to a confidential settlement agreement may prefer to keep its terms secret 'once they turn to the federal court to resolve their disputes . . . the public administration of justice demands transparency.'" (quoting *Avocados Plus Inc. v. Freska Produce Int'l LLC*, 2019 WL 12345580, at *2 (C.D. Cal. Oct. 8, 2019)); *Rumble. Inc. v. Daily Mail & Gen Tr.*, 2020 WL 6154061, at *1 (C.D. Cal. Feb. 11, 2020) (denying motion to seal because "the alleged breach of the settlement agreement is the basis for Rumble's breach of contract claim. Therefore, the specific terms of that agreement are central to the public's understanding of the outcome of that claim."); *Bloom Energy Corp. v. Badger*, 2021 WL 4079208, at *12 (N.D. Cal. Sept. 8, 2021) ("The fact that the parties privately bargained to keep a proceeding confidential does not nullify the requirement that a party proffer a qualifying reason to justify sealing that document when put at issue in a public forum." (emphasis omitted)).

[8] *See* ECF No. 1 (complaint).

maintaining the confidentiality of their agreement does not outweigh the strong presumption in favor of public access to court records, and I deny Polaris's motion to seal.

## Conclusion

IT IS THEREFORE ORDERED that Polaris Processing, LLC's motion to seal **[ECF No. 58] is DENIED.** The Clerk of Court is directed to **UNSEAL ECF No. 59.**

_____
U.S. District Judge Jennifer A. Dorsey
October 29, 2025