# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Polaris Processing, LLC,

      Plaintiff

v.

New Rise Renewables Reno, LLC,

      Defendants

Case No.: 2:24-cv-01907-JAD-MDC

**Order Granting Polaris's Motion for Attorneys' Fees**

[ECF No. 69]

Polaris Processing, LLC sued New Rise Renewables Reno, LLC after New Rise failed to pay the full amount required by the parties' settlement agreement resolving an earlier dispute over Polaris's services. New Rise opposed those claims and also filed a negligence counterclaim premised on the theory that Polaris should bear responsibility for New Rise's misdirected wire payments to hackers. I rejected that theory, dismissed the counterclaim, and later granted summary judgment for Polaris on its breach-of-contract claim. Final judgment was entered in Polaris's favor for $1,061,586.00. Polaris now moves unopposed for $46,111.00 in attorneys' fees under the settlement agreement's prevailing-party provision. Because I find that Polaris is the prevailing party and that its requested fees are reasonable under Nevada law, I grant the motion.

## Discussion

**A.     Polaris is entitled to recover its reasonable attorneys' fees under the settlement agreement.**

Federal Rule of Civil Procedure 54(d)(2) authorizes a party to seek attorneys' fees by motion, but the rule itself does not supply the substantive basis for such an award. So Polaris seeks its fees under the prevailing-party provision in its settlement agreement with New Rise.

Under both federal and Nevada law, valid contractual provisions for the payment of attorneys' fees constitute a sufficient source of authority for such an award.[1] The agreement provides that "the prevailing party in any action to enforce the terms of this settlement agreement is entitled to its reasonable attorneys' fees and costs incurred in association with such action at the trial and appellate level."[2] The parties' agreement doesn't define "prevailing party." But under Nevada law generally,[3] a party prevails "if it succeeds on any significant issue in litigation [that] achieves some of the benefit it sought in bringing [or defending] suit."[4] I find that Polaris is the prevailing party because it obtained dismissal of New Rise's counterclaim, summary judgment on its breach-of-contract claim, and final judgment in its favor.

**B.      Polaris's requested fees are reasonable.**

Federal courts sitting in diversity determine the reasonableness of attorneys' fees awarded using state law.[5] Under Nevada law, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and

---

[1] *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975) ("[A]bsent statute or enforceable contract, litigants pay their own attorneys' fees."); *MRO Commc'ns, Inc. v. AT&T*, 197 F.3d 1276, 1281 (9th Cir. 1999) ("[E]ach party must bear its own attorneys' fees in the absence of a rule, statute[,] or contract authorizing such an award."); *Schouweiler v. Yancey Co.*, 712 P.2d 786, 788 (Nev. 1985) ("It is well established in Nevada that attorney's fees are not recoverable unless allowed by express or implied agreement or when authorized by statute or rule.") (citing *Sun Realty v. Dist. Ct.*, 542 P.2d 1072 (Nev. 1975)).

[2] ECF No. 69-2 at 3.

[3] I look to Nevada law to resolve this question because, "[i]n an action involving state law claims," courts "apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns*, 197 F.3d at 1282.

[4] *Valley Elec. Ass'n v. Overfield*, 106 P.3d 1198, 1200 (Nev. 2005) (cleaned up) (explaining that "'prevailing party' is broadly construed so as to encompass plaintiffs, counterclaimants, and defendants"); *see also Davis v. Beling*, 278 P.3d 301, 322 (Nev. 2012) (noting that parties prevail "if they succeed on any substantial aspect of the case").

[5] *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

fairness."[6]  One permissible method is the lodestar approach, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate."[7]

Nevada courts must also review the requested amount "in light of the factors set forth in" the Supreme Court of Nevada's decision in *Brunzell*.[5]  They include:

(1) the qualities of the advocate: his ability, training, education, experience, professional standing, and skill;

(2) the character of the work to be done: its difficulty, intricacy, and importance; the time, and skill required; the responsibility imposed; and the prominence and character of the parties where they affect the importance of the litigation;

(3) the work actually performed by the lawyer: the skill, time, and attention given to the work;

(4) the result: whether the attorney was successful and what benefits were derived.

Finally, Local Rule 54-14 requires any application for attorneys' fees to include an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and "[a] brief summary" of 13 categories of information designed to elicit more information about the case and the work that the attorneys performed.[8]

Having reviewed Polaris's motion, its counsel's affidavit, the itemized billing records, and the docket in this case, I find that Polaris's requested $46,111 in attorneys' fees is reasonable.  The affidavit shows that the requested fees reflect work performed from September

---

[6] *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548–49 (Nev. 2005) (en banc) (internal quotation marks omitted).

[7] *Id.* at 549 & n.98 (internal quotation marks omitted).

[8] L.R. 54-14 (a)–(b).

23, 2024, through January 7, 2026, and that Polaris does not seek all fees incurred, requesting only a small amount for preparing this motion.[9]

The qualities of the advocates support this award. Polaris was primarily represented by partner Charles Gianelloni and associate Markie Betor, with limited assistance from paralegal Michelle Ashcroft and a small amount of help from other timekeepers whose time Polaris does not seek to recover for. Gianelloni's affidavit details his more than 13 years of experience in commercial litigation, his role as managing partner of Snell & Wilmer's Las Vegas office, and the professional recognition he has received.[10] It also details Betor's experience litigating complex commercial disputes, her clerkship with the Nevada Supreme Court, and her commercial-litigation background.[11] Ashcroft, the primary paralegal whose time is included, has more than 11 years of commercial-litigation experience.[12] I find that these professionals have the skill and experience to justify their rates.

I also find that the rates requested are reasonable in light of the billing judgment that counsel exercised. Gianelloni's standard hourly rate increased from $615 to $675 and then to $765 during the life of this matter, but he wrote off time—including his time attending the motion-to-dismiss hearing—resulting in an effective rate of $583.66.[13] Betor's standard rate increased from $385 to $435 and then to $510, but her time was also discounted on multiple assignments, resulting in an effective rate of $344.09.[14] Ashcroft's rate was $335 and later $360,

---

[9] ECF No. 69-1 at 3, ¶ 6.

[10] *Id.* at ¶ 15(a).

[11] *Id.* at ¶ 15(b).

[12] *Id.* at ¶ 16.

[13] *Id.* at ¶ 15(a).

[14] *Id.* at ¶ 15(b).

and Polaris seeks fees for only her limited work while omitting the time of other paralegals and legal assistants.[15]  I find that these effective rates are reasonable for this market and this matter.

The character of the work and the work actually performed also support the requested amount.  This case was not especially complex, but it did require Polaris to enforce the settlement agreement, defeat New Rise's negligence counterclaim, and obtain summary judgment on its breach-of-contract claim.  Counsel represents that Polaris incurred $11,039.50 in fees dismissing the counterclaim and $16,071.00 through summary judgment, with the remainder incurred in the ordinary course of the litigation.

So I find that the requested fees are reasonable in light of the skill and experience of counsel, the character of the work required, the work actually performed, and the result obtained.

**Conclusion**

IT IS THEREFORE ORDERED that Polaris's motion for attorneys' fees **[ECF No. 69] is GRANTED.  Polaris is awarded fees of $46,111.00 based on the parties' settlement agreement.  The Clerk of Court is directed to ENTER an AMENDED JUDGMENT accordingly.**

_____
U.S. District Judge Jennifer A. Dorsey
May 5, 2026

---

[15] *Id.* at ¶ 16.